IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHRISTOPHER TISDALE,<br>    Plaintiff, | :<br>:<br>: | |
| v. | : | Civil No. 2:21-cv-00745-JMG |
| C.O. GAMBILL, *et al.*,<br>    Defendants. | :<br>:<br>: | |

MEMORANDUM OPINION

**GALLAGHER, J.**                                                                                       **March 8, 2021**

**I.     OVERVIEW**

*Pro se* Plaintiff Christopher Tisdale, an inmate at SCI-Dallas, filed a letter and pleading captioned "Motion for Order to Show Cause for Preliminary Injunction upon the Complaint" on February 16, 2021.  ECF No. 1.  Ten officials at SCI-Dallas are listed as Defendants in the caption of his Motion.  Although the letter and Motion taken together are deficient as a complaint in a civil action in a number of respects, the Clerk of Court treated the submission as a federal civil rights complaint brought pursuant to 42 U.S.C. § 1983.  The Clerk then opened a civil action and assigned the matter to the undersigned for review.  For the following reasons, the "Complaint" submitted by Tisdale will be dismissed without prejudice pursuant to 28 U.S.C. § 1915A and Federal Rule of Civil Procedure 8, and Mr. Tisdale will be permitted to file an amended complaint.

**II.    ANALYSIS**

Mr. Tisdale asserts that in January 2021 he submitted a complaint to prison officials to be mailed to the Court naming the captioned Defendants.  ECF No. 1-1 at 1.  He requested prison officials to deduct $400 for the filing fee from his institutional account.  *Id.*  Mr. Tisdale

provided a copy of his request slip asking that $400 be sent in check form. ECF No. 1-1 at 3. The request slip was returned to him by the SCI-Dallas Business Office stamped "Signature Verified" and "Identification Verified," and indicated that $400 was charged to his account on January 7, 2021. *Id.* He also submitted a copy of his Prisoner Trust Fund Account Statement, which confirms that the $400 was deducted from his account on that date. ECF No. 2. Mr. Tisdale believes that prison officials deducted the filing fee from his account but never submitted it or his complaint to the Court. He believes that prison officials interfered with his attempt to file a lawsuit to retaliate against him or failed to file his complaint due to negligence.

A review of the Court's docket indicates that no civil action was docketed by the Clerk of Court in the time period referenced by Mr. Tisdale. However, on February 3, 2021, the Clerk of Court mailed to "Christopher Tisdale, MJ-5623, SCI Dallas, 1000 Follies Drive, Dallas, PA 18612-0286 . . . your Check/Money Order no. 73938 in the amount of $400 of which we return for the following reasons(s): check/money order is made out for the incorrect amount. The letter also stated that there was no record of Mr. Tisdale's case having been filed with the Clerk. The administrative fee for filing a civil action in federal court was increased on December 2, 2020 from $50 to $52. Accordingly, when added to the $350 filing fee, the total amount due upon the filing of a complaint increased from $400 to $402. Mr. Tisdale appears to be under the impression that prison officials interfered with his original complaint, when the record indicates that prison officials did send his requested funds to the Court. The requested funds were instead returned to him.

Mr. Tisdale's original complaint was never received by the Clerk of Court. Moreover, the letter and Motion that prompted the Clerk of Court to open this civil action are deficient as a complaint in a civil action because they fail to meet the requirements of the Federal Rules of

Civil Procedure 8 and 10, as well as the applicable federal civil rights statutes. Therefore, Mr. Tisdale's case cannot proceed in its present form. A pleading must contain a short and plain statement showing that the plaintiff is entitled to relief. *See Travaline v. U.S. Supreme Court*, 424 F. App'x 78, 79 (3d Cir. 2011) ("Rule 8 of the Federal Rules of Civil Procedure requires that a complaint contain 'a short and plain statement of the claim showing that the pleader is entitled to relief,' and 'a demand for the relief sought.'") (quoting Fed. R. Civ. P. 8(a)(2), (3)). "This standard operates in tandem with that of Rule 10," which requires that a pleading contain a caption with the Court's name and the names of the parties, and that claims be listed in numbered paragraphs. *Fabian*, 2017 WL 3494219, at *3 (citing Fed. R. Civ. P. 10). Mr. Tisdale's letter and Motion do not allege any legal basis for his claims, and do not set forth facts or claims in numbered paragraphs.

For these reasons, the Court will dismiss the currently docketed "Complaint" without prejudice and permit Mr. Tisdale the opportunity to file an amended complaint in this case. As part of his amended complaint, he may state the claims he attempted to allege in January along with any other claims he believes he has against Defendants. Mr. Tisdale must also submit the required $350 filing fee and $52 administrative fee ($402 in total) or seek leave to proceed *in forma pauperis*.[1] An appropriate Order follows.

BY THE COURT:

*/s/ John M. Gallagher*
JOHN M. GALLAGHER
United States District Court Judge

---

[1] Because Mr. Tisdale is in federal custody, he is still required to pay the filing fee in full in installments under the terms of the Prison Litigation Reform Act, even if he is granted leave to proceed *in forma pauperis*.